UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**ASHU SOOD, as Trustee of SOOD FAMILY TRUST, DATED OCTOBER 8, 2015, and JOGINDER and CHANDER SOOD, AS Trustees of SOOD FAMILY TRUST, DATED SPETEMBER 17, 1992,**

       **Plaintiffs,**

      **v.**                                                   **Civ. No. 25-864 GJF/DLM**

**DIAMONDBACK DTNM, LLC, and DENNIS EKSTROM,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiffs' Opposed Motion to Remand* [Dkt. No. 9], filed October 6, 2025. The motion is fully briefed. *See* Dkt. Nos. 12 (response) and 16 (reply). On December 17, 2025, the Court held a hearing on the motion. Now being fully advised, the Court concludes that the motion should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a dispute over a contract to lease commercial real property located in Clovis, New Mexico. Plaintiffs filed their Complaint in the Ninth Judicial District Court, Curry County, New Mexico, and served Defendants on July 30 and July 31, 2025, respectively. In their Complaint, Plaintiffs allege that they reside in California. Dkt. 1-1 at ¶¶ 2-3. On August 5, 2025, counsel for Defendants emailed Plaintiffs' counsel, asking, "Would it be OK if I filed my response 30 days from today? *I will probably seek to remove it to federal court, but you never know*." Dkt.

No. 9-1 (emphasis added). Plaintiffs' counsel agreed, stating, "[T]hat timeline is fine with us." Dkt. No. 9-2.

On September 4, 2025, Defendants filed their *Notice of Removal* [Dkt. No. 1] in this Court, alleging jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Defendants contended that removal was timely because they had agreed to accept service of the Complaint no earlier than August 5, 2025.[1] Dkt. No. 1 at ¶ 7. Defendants asserted that the Court has diversity jurisdiction because (1) they are citizens of Arizona [*Id.* at ¶¶ 10, 14-17], and (2) the Complaint pleaded that Plaintiffs reside in California and are therefore citizens of that state. *Id.* at ¶¶ 11-12. Defendants also made the requisite allegations relating to amount in controversy. *Id.* at ¶¶ 25-26.

On September 8, 2025, the referral Magistrate Judge filed an *Order to Amend Notice of Removal* [Dkt. No. 3], explaining that Defendants had failed "to allege facts necessary to sustain diversity jurisdiction." *Id.* at 1. The Order noted that the facts alleged in the Notice of Removal did not sufficiently establish the *citizenship* of the Plaintiffs because "an individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Id.* at 2. Accordingly, the Order granted Defendants seven days to file an amended notice of removal to remedy this defect. *Id.* Defendants represent that on September 10, 2025, just two days after the referral judge's order, counsel for Plaintiffs confirmed for defense counsel that Plaintiffs "are all domiciled in California and are citizens of that State for diversity jurisdiction purposes." Dkt. No. 6 at ¶ 14.

---

[1] Defendants have since abandoned this contention, admitting in their Amended Notice of Removal that they had "overlooked this earlier service," Dkt. No. 6 at 2, ¶ 7, and calling it an "inadvertent misrepresentation," Dkt. No. 12 at 2. Defendants were unable to offer any further explanation at the hearing as to how or why the misrepresentation made its way into the original Notice of Removal. As it turns out, Defendants' mistake was not without consequence because it has led directly to this Court's conclusion that the original Notice of Removal was inexcusably late.

On September 15, 2025, Defendants filed their Amended Notice of Removal [Dkt. No. 6]. As stated *supra* at note 1, Defendants withdrew their allegation that they had not agreed to accept process before August 5, 2025, and acknowledged that they had actually been served on July 30 and 31, 2025, respectively. *Id*. at ¶ 7. Defendants made a new allegation, however, that "removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446(b) because the Complaint did not provide clear and unequivocal notice that this matter was removable, as indicated by the Order." *Id*. at ¶ 8. In addition to realleging the same facts regarding Plaintiff's residence that they had included in their original Notice of Removal, Defendants asserted that Plaintiffs "are all domiciled in California and are citizens of that state for diversity jurisdiction purposes," *id*. at ¶ 14, resulting in complete diversity of the parties.

On October 6, 2025, Plaintiffs filed the motion to remand currently before the Court.[2]

## **APPLICABLE LAW**

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). An individual is deemed a citizen of the state in which he or she is domiciled. *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Residency and domicile are not equivalent, and it is a person's domicile that is relevant for determining citizenship. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). For diversity jurisdiction, "a person acquires domicile in a state when the person resides

---

[2] At the hearing, Defendants asserted that Plaintiffs' motion to remand is itself untimely. Defendants conceded that they did not make that argument in their briefing and acknowledged that they may not do so for the first time at the hearing. Furthermore, even apart from its procedural irregularity, the argument loses on the merits. A motion to remand must be filed within 30 days of removal. 28 U.S.C. § 1447(c). Here, removal occurred on September 4, 2025. Dkt. No. 1. Thirty days later was *Saturday*, October 4, 2025. Thus, under Federal Rule of Civil Procedure 6(a)(1)(C), Plaintiff's removal was timely because it was filed on the first court day after the expiration of the 30th day.

there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Proof that a person is a resident of a state, however, may be prima facie evidence of his or her citizenship of that state. *See Siloam Springs*, 781 F.3d at 1238 & n.2 (quoting *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972)).

An action is removable only if it originally could have been brought in federal court. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." If the case set forth in the initial pleading is not removable, however, then "[a] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, must be narrowly construed. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). "Because the jurisdiction of federal courts is limited, there is a presumption against [federal court] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (internal quotation omitted). "[A]ll doubts are to be resolved against removal." *Fajen v. Found Rsrv. Ins. Co.* 683 F.2d 331, 333 (10th Cir. 1982); *see also Bonadeo v. Lujan*, No. 6:08-cv-0812 JB/ACT, 2009 WL 1324119 at *4 (D.N.M. Apr. 30, 2009) ("Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand."). "[T]here are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999).

## **DISCUSSION**

### I.     **The Parties' Arguments**[3]

Defendants acknowledge that if the removal period began to run at the time of service, then their removal was untimely. As a result, Defendants claim that the 30-day removal period began to run (if at all) not when they were served at the end of July but rather on September 10, 2025—*after* Defendants had already removed the case—when Plaintiffs confirmed via phone call between counsel that they are domiciled in (and therefore citizens of) California. Dkt. No. 12 at 2. Defendants assert that because Plaintiff's Complaint alleged only their residence, but not their domicile or citizenship, it did not provide Defendants with "clear and unequivocal notice" that it was removable. *Id*. Defendants also contend that the Order to Amend Notice of Removal establishes that there was not clear and unequivocal notice that the case was removable, and that under the Tenth Circuit's decision in *Akin v. Ashland Chem. Co*., 156 F.3d 1030, 1035 (10th Cir. 1998), they had no duty to conduct any investigation whatsoever to determine whether the requirements of diversity jurisdiction were met.

For their part, Plaintiffs move to remand this case on grounds that Defendants failed to remove it within 30 days of service of the Complaint as required by 28 U.S.C. § 1446(b)(1). Dkt. No. 9 at 1. They also argue that Defendants' amended notice impermissibly added a new basis for removal—that the Complaint did not provide clear notice that the case was removable—when the Court's order merely allowed them to correct the original notice's defect in alleging citizenship in

---

[3] Several other legal arguments have been either anticipated or raised, and then discarded, by the parties. The Court will not address those arguments here. These include whether Defendants had agreed to accept service no earlier than August 5, 2025, making that date the day on which the removal period began; whether the parties had an enforceable agreement to extend the removal period; whether exceptional circumstances existed to extend the removal deadline; whether Plaintiffs waived the removal deadline; and whether equitable estoppel should apply to prevent strict application of the 30-day deadline.

the original notice. Dkt. No. 16 at 2-4. Plaintiffs also assert that remand is proper because Defendants do not allege that they did not know that diversity jurisdiction existed when they filed the original Notice of Removal. Because Defendants asserted unequivocally in their original Notice of Removal that diversity jurisdiction existed, Plaintiffs argue that Defendants cannot now be heard to assert that the Complaint did not clearly and unambiguously give them notice that diversity was present.

## II. Analysis

The Court concludes that the period for removal ended on August 29, 2025, 30 days after Defendant DiamondbackDTNM, LLC was served with the Complaint. Defendants filed their original Notice of Removal on September 4, 2025. Accordingly, the removal was untimely, and the motion to remand will be granted.

To begin, the Court is not persuaded by Defendants' argument that the Complaint did not give them clear and unambiguous notice that the case was removable. It is apparent that when Defendants removed this case on September 4, 2025, they subjectively believed that complete diversity existed between the parties. Indeed, they made that very allegation – without qualification or condition – in the original Notice of Removal. Dkt. No. 1 at ¶ 18. The record shows that defense counsel believed the same a month earlier, when he stated in an email that he was considering removing the case to federal court. *See* Dkt. No. 9-1. This belief was based upon the Complaint and was objectively reasonable because the vast majority of parties are domiciled in the same state where they reside. For that reason, the Tenth Circuit has held that proof that a person is a resident of a state may be prima facie evidence of his or her citizenship of that state. *Siloam Springs*, 781 F.3d at 1238 & n.2. And as it turns out, Defendants were correct in their belief

that Plaintiffs were not just residents, but also citizens of California, and the parties indeed were completely diverse.

But Defendants sought to do more in their Amended Notice of Removal than merely clarify the state of which Plaintiffs are citizens. At some point, whether occasioned by the Order to Amend or otherwise, Defendants realized that their representation about not agreeing to accept service until August 5th was erroneous. No doubt they also realized that their original Notice of Removal came well after the 30-day deadline in § 1446(b)(1) had expired. Consequently, in an apparent attempt to inoculate their removal from any motion to remand, Defendants used the Amended Notice to theorize that their original Notice was not late at all because Plaintiffs' Complaint had not provided them with clear and unequivocal notice that the case was removable. In doing so, Defendants sought to leverage and re-deploy the referral judge's criticism of *their original Notice of Removal* into their own criticism of Plaintiffs' Complaint.

Defendants' actions belie their belatedly adopted theory. In their original Notice of Removal, Defendants brooked no doubt or ambiguity as to whether the case was removable. At the hearing, their counsel confirmed that Defendants had done no additional investigation as to the parties' citizenship between their counsel's August 5th email to opposing counsel and the September 4th Notice of Removal. The Court does not fault them for doing no additional investigation and instead relying on the commonsense inference that "residence equals citizenship" in all but the rarest circumstances. After all, the Tenth Circuit has held that proof of residence – here established by Plaintiffs' Complaint – may be prima facie evidence of citizenship. *Siloam Springs*, 781 F.3d at 1238 & n.2. Between August 5 and September 4, Defendants believed this case to be clearly and unequivocally removable and further believed the timing of any such removal to be governed by § 1446(b)(1). Having embraced the 30-day deadline in that provision

and having sought (in vain, as it turns out) to comply with it, Defendants cannot now disavow § 1446(b)(1) when its time limit proves inconvenient.   In this Court's view, this case was removable based on the Complaint itself, thereby triggering the 30-day clock in § 1446(b)(1). However Defendants' calendaring error occurred, their original Notice of Removal was several days late and, in the Court's view, inexcusably so.[4]

In their response brief as well as at the hearing, Defendants relied heavily on *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998) to argue that they had no duty to investigate Plaintiffs' domicile before removal. Defendants contend that § 1446(b)(1) is inapplicable because Plaintiffs' Complaint fell short of being "clearly and unequivocally" removable. Defendants assert that the appropriate 30-day removal period instead is found in § 1446(b)(3) and did not begin to run until after the referral judge ordered them to amend the allegations in their Notice of Removal. Since they amended their Notice in well less than 30 days after the order, Defendants insist that removal was timely. Having now studied *Akin* and its progeny, however, the Court is convinced that *Akin* does not bear the weight that Defendants' position requires of it.

In *Akin*, the plaintiffs alleged that they were injured by exposure to hazardous materials, and the removal was based on federal enclave jurisdiction. The district court held that the allegations in the complaint were ambiguous and did not give the defendant notice that the exposure to hazardous chemicals "took place wholly within the enclave, and under federal direction." *Id*. Rather, the defendant did not receive "unequivocal notice of the right to remove" until it received further information in an answer to interrogatory. *Id*. The *Akin* court emphasized

---

[4] To the extent that there is doubt or ambiguity about whether Defendants complied with § 1446, the Court is compelled to construe all doubts and ambiguities against removal.  In combination with its analysis above, the Court also relies on this presumption in holding that Defendants did not carry their burden of showing that removal was proper here.

8

that "if the statute is going to run, the notice ought to be unequivocal." *Id*. (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). The Tenth Circuit then stated that a defendant need not conduct "an extensive investigation to determine the truth" of federal jurisdiction, *id.*, but rather must receive "clear and unequivocal notice" from the complaint or a subsequent "other paper, such as an answer to interrogatory." *Id.* at 1036.

Invoking *Akin*, Defendants assert that Plaintiffs' Complaint did not provide them with unequivocal notice of diversity jurisdiction because it alleged only their state of residence, not their citizenship or domicile. Further, Defendants contend that *Akin* absolves them of any obligation to do *anything* to determine Plaintiff's citizenship—not even to make a phone call to opposing counsel. At the hearing, Defendants went so far as to argue that information obtained in such a phone call would be inadequate to put Defendants on notice of removability, as it would not qualify as an "other paper" under 28 U.S.C. § 1446(b). And yet, a phone call with opposing counsel is precisely what Defendants relied upon when they amended their notice of removal to clarify the basis of diversity jurisdiction. Defendants have not explained why such a phone call may be an adequate "other paper" *after* removal, but not before.

In any event, *Akin* is distinguishable, both substantively and procedurally. *Akin* was a federal enclave case, not a diversity case, and the *Akin* complaint was anything but unequivocal about where the alleged tort occurred. Here, in contrast, Plaintiffs' Complaint on its face would have led any reasonably competent lawyer to consider this case to be removable. Just as importantly, unlike Defendants here, the *Akin* defendants did *not* remove the case to federal court only to subsequently claim that at the time of removal they had not received unambiguous notice of removability. Rather, the *Akin* defendants *waited* to remove until after they received a discovery response that unambiguously established federal jurisdiction. Defendants here could have taken

9

the *Akin* route by conducting discovery on jurisdictional facts in state court before removing the case to federal court. They did not do so, however, and *Akin* does not relieve Defendants of the consequences of their choice.

Further, neither party has cited (nor has the Court been able to find) any federal court decisions in which a party has first removed a case to federal court only to later assert that the removal period had not yet begun because the complaint did not give sufficient notice of removability. More particularly, the Court is unaware of any case in which a defendant has asserted that it could determine residency, but not domicile, from the face of a complaint. In circumstances such as these, the presumption against removal and against the exercise of federal jurisdiction carries exceptional force and counsels the Court not to excuse Defendants' failure to timely comply with § 1446.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Opposed Motion to Remand* [Dkt. No. 9] is **GRANTED** and the case will be remanded.

**UNITED STATES MAGISTRATE JUDGE**
*Presiding by Consent*